11 JONES, J.,
concurring in part, dissenting in part.
The record before this. Court is factually incomplete and lacks sufficient evidence to determine material issues in this case. We cannot even determine whether or not the physicians in question are, in fact, treating physicians. Therefore, I concur with the majority’s decision to vacate the trial judge’s ruling in the consolidated cases and to remand each case for an evidentiary hearing to determine material facts and render a judgment accordingly.
However, I dissent in part from the majority’s determination that a treating physician cannot be considered an expert witness under La. C.C.P. art. 1424. Generally, a treating physician is primarily retained for the purpose of examining patients to render professional health care services. However, this should not preclude the same treating physician from qualifying as an expert.
Louisiana jurisprudence recognizes that the testimony of a physician who examines and treats the plaintiff from the inception of injury is usually entitled to more weight than the testimony of a physician who examines *646 the plaintiff solely in anticipation of litigation. E.g., Young v. Logue, 94-0585, p. 38 (La.App. 4 Cir. 5/16/95), 660 So.2d 32, 57, writs den. 95-2575, 95-2585 (La.12/15/95), 664 So.2d 443, and writ den. 95-2597 (La.12/15/95), 664 So.2d 444; Williams v. City of Monroe, 27,065, p. 17 (La.App. 2 Cir. 7/3/95), 658 So.2d 820, 835, writ den. 95-1998 (La.12/15/95), 664 So.2d 451, and writ den. 95-2017 (La.12/15/95), 664 So.2d 452. Simply because a treating physician does not examine a patient primarily in anticipation of litigation does not render him unable to qualify as an expert in the eyes of the law.
There are instances where a treating physician can be qualified as an expert simply by his personal knowledge, education, expertise and skill in his profession. Therefore, I conclude that a treating physician may be an expert as contemplated in La. C.C.P. art. 1424. Thus, the burden shifts to 3M, the moving party, that claims that a treating physician is not an expert.
Moreover, in reading La. C.E. art. 510 in conjunction with the work-product exclusion of La. C.C.P. art. 1424, I also conclude that the legislature’s purpose in providing for the waiver would be best served by applying La. C.C.P. art. 1424 to protect some reports issued by the treating physician from disclosure. Furthermore, the records and reports prepared by a party’s treating physician and directed to that party’s counsel in anticipation of litigation are not discoverable.